FILED

2015 Jul-08  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

HUGHES A. ALEXANDER,                )
                                                            )
            Plaintiff ,                         )
                                                            )
v.                                                       )          Case No. 4:14-cv-1615-SLB-TMP
                                                            )
UNITED STATES OF AMERICA,    )
                                                            )
            Defendant.                        )

**MEMORANDUM  OPINION**

The magistrate judge filed a report on June 2, 2015, recommending that the

federal claims in this action be dismissed without prejudice for failing to state a claim

upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The

magistrate judge further recommended that any state law claims asserted in the

complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  The

plaintiff has responded to the report and recommendation by submitting a pleading

in which he states that he is "unable to continue this case while am (sic) here in

Alabama due to the fact that I am limited to what I can do here." (Doc. 14).  He states

that he needs to "put a hold" on this action "for right now," and that he will continue

with the case "when I get back to Florida." *Id*.  He contends that because of constant

back pain he "can't be consistent working on the computer" at the Etowah facility. *Id*.

The plaintiff's pleading is in essence a motion for indefinite stay. Although courts have "discretionary power to stay proceedings" for the purpose of controlling their dockets or in the interest of justice, a stay order is subject to reversal when it is "found to be immoderate *or of an indefinite duration*." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (emphasis added); *see also King v. Cessna Aircraft*, 505 F.3d 1160, 1172 (11th Cir. 2007) ("We have repeatedly held that a stay order which is immoderate and involves a protracted and indefinite period of delay is impermissible"). In this instance, the plaintiff appears to seek an indefinite stay of these proceedings pending the unknown date at which he might be released or transferred from the Etowah County Detention Facility. The grant of an indefinite stay under those circumstances would be improper.

Furthermore, this court has "broad discretion" in the exercise of its authority to grant or deny a stay of the proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). This discretion stems from "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In this instance, it is the court's opinion that the plaintiff has failed to submit facts

sufficient to justify a stay of even a finite duration. Therefore, to the extent the plaintiff's pleading can be construed as a motion to stay, the motion is **DENIED**.

Although extremely vague, a small portion of the plaintiff's pleading appears to directly address the magistrate judge's report and recommendation. He states that his claims are not frivolous, that he has sufficiently described the injury that occurred in Jena, Louisiana, and that he has "tingling and numbness" in his thighs on a daily basis. (Doc. 14). He also contends that "every judge" in the United States is aware that the constitutional rights of "recent immigrants" have been violated. To the extent that these assertions can be construed as objections to the report and recommendation, they are not a sufficient basis to override the magistrate judge's recommendation and are therefore **OVERRULED**.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and response thereto, the Court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and the recommendation is ACCEPTED. Therefore, in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii), the federal claims in this action are due to be dismissed without prejudice for failing to state a claim upon which relief can be granted. Additionally, any state law claims asserted in the complaint are due

to be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  A Final

Judgment will be entered contemporaneously herewith.

Done this 8th day of July, 2015.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE